**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Gourd Management, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   __ __ – __ __ __ __ __ __ __     N/A - disregarded entity

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | Pier 3, The Embarcadero | Pier 3 The Embarcadero |
   | Number        Street | Number        Street |
   | | P.O. Box |
   | San Francisco      CA    94111 | San Francisco      CA    94111 |
   | City              State    ZIP Code | City              State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | United States | |
   | County | Number        Street |
   | | City              State    ZIP Code |

5. **Debtor's website** (URL)   https://www.hornblowercorp.com/

Debtor __Gourd Management, LLC_____   Case number *(if known)*_____
      Name

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

__5__ __6__ __1__ __5__

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   Gourd Management, LLC _____   Case number *(if known)* _____
Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
MM / DD / YYYY

District _____   When _____   Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   See Schedule 1 _____   Relationship   Affiliates _____

District   Southern District of Texas _____   When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                                State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

**Statistical and administrative information**

Debtor  Gourd Management, LLC _____  Case number (*if known*)_____
Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets[1]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities[2]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/21/2024_____
MM  / DD / YYYY

✖ /s/ Jonathan Hickman _____  Jonathan Hickman _____
Signature of authorized representative of debtor  Printed name

Title  Chief Restructuring Officer _____

---

[1] The Debtors' estimated assets are provided on a consolidated basis.
[2] The Debtors' estimated liabilities are provided on a consolidated basis.

Debtor  Gourd Management, LLC
_____
Name

Case number (*if known*)_____

**18. Signature of attorney**

✖ /s/ John F. Higgins
_____
Signature of attorney for debtor

Date  02/21/2024
_____
MM  / DD / YYYY

John F. Higgins
_____
Printed name

Porter Hedges LLP
_____
Firm name

1000      Main Street 36th Floor
_____
Number        Street

Houston                                            TX         77002
_____        _____        _____
City                                                State        ZIP Code

(713) 226-6000                           jhiggins@porterhedges.com
_____        _____
Contact phone                             Email address

09597500                                  TX
_____        _____
Bar number                                State

**Schedule I**

**Affiliated Entities**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

|     | **Debtor** |
| --- | --- |
| 1. | Walks, LLC (Texas) |
| 2. | Hornblower Holdings LLC |
| 3. | Alcatraz Cruises, LLC |
| 4. | Alcatraz Fleet, LLC |
| 5. | Alcatraz Freedom, LLC |
| 6. | Alcatraz Island Services, LLC |
| 7. | American Countess, LLC |
| 8. | American Duchess, LLC |
| 9. | American Queen Holdco, LLC |
| 10. | American Queen Holdings, LLC |
| 11. | American Queen Steamboat Operating Company, LLC |
| 12. | American Queen Sub, LLC |
| 13. | Anchor Mexico Holdings, LLC |
| 14. | Anchor Operating System LLC |
| 15. | ASG Advisors, LLC |
| 16. | Babarusa, LLC |
| 17. | Bay State, LLC |
| 18. | Booth Primary, LLC |
| 19. | Boston Harbor Cruises, LLC |
| 20. | Choi Advisory, LLC |
| 21. | City Cruises Café, LLC |
| 22. | City Cruises Limited |
| 23. | City Ferry Transportation Services, LLC |
| 24. | Colugo Liner, LLC |
| 25. | Cruising Excursions Limited |
| 26. | Cruising Excursions Transport Limited |
| 27. | EON Partners, LLC |
| 28. | Falls Mer, LLC |
| 29. | Ferryboat Santa Rosa, LLC |
| 30. | Gharian Holdings, LLC |
| 31. | Gourd Management, LLC |
| 32. | HBAQ Holdings, LLC |
| 33. | HBAQ Holdings, LP |
| 34. | HMS American Queen Steamboat Company, LLC |
| 35. | HMS Ferries, Inc. |
| 36. | HMS Ferries – Puerto Rico, LLC |
| 37. | HMS Global Maritime, Inc. |
| 38. | HMS Global Maritime, LLC |

|  | **Debtor** |
|---|---|
| 39. | HMS Vessel Holdings, LLC |
| 40. | HMS-Alabama, Inc. |
| 41. | HMS-Oklahoma, Inc. |
| 42. | HMS-WestPac, Inc. |
| 43. | HNY Ferry Fleet, LLC |
| 44. | HNY Ferry, LLC |
| 45. | HNY Ferry II, LLC |
| 46. | Hornblower Cable Cars, Inc. |
| 47. | Hornblower Canada Co. |
| 48. | Hornblower Canada Entertainment Limited |
| 49. | Hornblower Canadian Holdings, Inc. |
| 50. | Hornblower Consulting, LLC |
| 51. | Hornblower Cruise Holdings, LLC |
| 52. | Hornblower Cruises and Events, Inc. |
| 53. | Hornblower Cruises and Events, LLC |
| 54. | Hornblower Cruises and Events Canada Limited |
| 55. | Hornblower Development, LLC |
| 56. | Hornblower Energy, LLC |
| 57. | Hornblower Facility Operations, LLC |
| 58. | Hornblower Ferry Holdings LLC |
| 59. | Hornblower Ferry Holdings II, LLC |
| 60. | Hornblower Fleet, LLC |
| 61. | Hornblower Freedom, LLC |
| 62. | Hornblower Group Holdco, LLC |
| 63. | Hornblower Group, Inc. |
| 64. | Hornblower Group, LLC |
| 65. | Hornblower Holdco, LLC |
| 66. | Hornblower Holdings LP |
| 67. | Hornblower Hospitality Services, LLC |
| 68. | Hornblower India Holdings, LLC |
| 69. | Hornblower Metro Ferry, LLC |
| 70. | Hornblower Metro Fleet, LLC |
| 71. | Hornblower Metro Holdings, LLC |
| 72. | Hornblower Municipal Operations, LLC |
| 73. | Hornblower New York, LLC |
| 74. | Hornblower Shipyard, LLC |
| 75. | Hornblower Sub, LLC |
| 76. | Hornblower UK Holdings, Limited |
| 77. | Hornblower Yachts, LLC |
| 78. | JJ Audubon, LLC |
| 79. | Journey Beyond Holdings, LLC |
| 80. | Liberty Cruises, LLC |
| 81. | Liberty Fleet, LLC |
| 82. | Liberty Hospitality, LLC |
| 83. | Liberty Landing Ferries, LLC |
| 84. | Lyman Partners, LLC |
| 85. | Madison Union, LLC |

| | **Debtor** |
|------|-----------------------------------------|
| 86. | Mission Bay Water Transit Fleet, LLC |
| 87. | Mission Bay Water Transit, LLC |
| 88. | Orane Partners, LLC |
| 89. | San Francisco Pier 33, LLC |
| 90. | SEA Operating Company, LLC |
| 91. | Seaward Services, Inc. |
| 92. | Statue Cruises, LLC |
| 93. | Statue of Liberty IV, LLC |
| 94. | Statue of Liberty V, LLC |
| 95. | Statue of Liberty VI, LLC |
| 96. | TCB Consulting, LLC |
| 97. | Venture Ashore, LLC |
| 98. | Victory Holdings I, LLC |
| 99. | Victory Holdings II, LLC |
| 100. | Victory Operating Company, LLC |
| 101. | Walks, LLC (Delaware) |
| 102. | Walks of New York Tours, LLC |
| 103. | Yardarm Club (The) Limited |
| 104. | York River Boat Cruises Limited |

**OMNIBUS WRITTEN CONSENT**
**OF THE RESPECTIVE GOVERNING BODIES**
**OF THE HORNBLOWER COMPANIES**

**FEBRUARY 20, 2024**

Effective as of the date written above, the members of the board of directors, members of the board of managers, individual managers, sole managers, sole members, and general partners (each, a "<u>Governing Body</u>" and collectively, the "<u>Governing Bodies,</u>" which shall include, in any instance where the authority of a Governing Body has been previously delegated to a special committee thereof, such special committee, including the Special Committee of the Board of Hornblower Holdings LLC the "<u>Special Committee</u>"), as applicable, of the corporations, limited liability companies, limited partnerships, UK limited companies, Canadian unlimited liability corporations, and Canadian limited liability corporations (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>") hereby take the following actions and adopt the following resolutions by written consent pursuant to each of such Company's bylaws, limited partnership agreements, or limited liability company agreements, as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

**Chapter 11 Filing**

**WHEREAS**, the respective Governing Body of each Company has considered the financial and operational condition of such Company, including, without limitation, the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, and presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them and the effect of the foregoing on such Company's business, and the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "<u>CCAA</u>").

**WHEREAS**, the respective Governing Body of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company.

**WHEREAS**, the Governing Bodies have reviewed and considered the Companies' collective need to employ individuals and/or firms as counsel, professionals, consultants or financial advisors to represent and assist each Company in carrying out its duties in connection with the cases under the Bankruptcy Code and the CCAA.

**WHEREAS**, prior to filing the Petitions (as defined below), the respective Governing Bodies of certain of the Companies (each, an "<u>Amending Party</u>" and collectively, the "<u>Amending Parties</u>") have each determined that it is advisable and in the best interests of the respective Company and such Company's respective equity holders to amend the limited liability company agreements and limited partnership agreements, as applicable, of each of the Companies, in each case (i) as set forth on <u>Exhibits B-F</u> attached hereto

(collectively, the "Organizational Document Amendments"), the terms of which hereby are incorporated by reference herein, and (ii) to be effective as of immediately prior to filing the Petitions (as defined below).

**WHEREAS**, the respective capacities of the Amending Parties in respect of the Companies set forth in the immediately preceding recital is referred to herein as the Amending Party's "Amending Capacity" with respect to each such Company.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the respective Governing Body of each of the Companies listed on Exhibit A attached hereto (each, a "Debtor Company"), it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Debtor Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**RESOLVED**, that Kevin Rabbitt, Adam Peakes, Jonathan Hickman, Mitchell Randall and Mory DiMaurizio (each an "Authorized Officer" and together the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## CCAA Resolutions

**RESOLVED**, that in the judgment of the respective Governing Body of each Debtor Company organized under the laws of Canada (each, a "Canadian Company" and collectively, the "Canadian Companies"), it is desirable and in the best interests of such Canadian Company, its creditors and other parties in interest, that such Canadian Company shall be, and hereby is, authorized to file or cause to be filed an application for relief (the proceedings commenced by such application, the "Canadian Cases") under the provisions of the CCAA, in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court").

**RESOLVED**, that each Governing Body, acting in its Official Capacity with respect to its applicable Canadian Company, hereby determines that it is desirable and in the best interests of such Canadian Company, its equity holders, its creditors as a whole, and other parties in interest, that (i) Hornblower Holdings, LLC. act as the foreign representative pursuant to section 45(1) of the CCAA (the "Foreign Representative") on behalf of the Canadian Companies' estates and (ii) such Canadian Company file or cause to be filed with the Bankruptcy Court or Canadian Court, as applicable, all motions, applications, and other papers or documents advisable, appropriate, convenient, desirable or necessary to effectuate such appointment.

**RESOLVED**, that in connection with the filing of the Canadian Cases, each Governing Body, acting in its Official Capacity with respect to its applicable Canadian Company, hereby (i) authorizes, adopts and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Canadian Court any motions, pleadings, and any other documents to be performed or agreed to by such Canadian Company that are reasonably necessary for prosecution of and in connection with the proceedings of the Canadian Cases (collectively, the "Canadian Ancillary Documents"), (ii) authorizes and directs the Foreign Representative, in the name and on behalf of such Canadian Company, to execute and deliver (with such changes, additions, and modifications thereto as the Foreign Representative executing the same shall approve, such approval to be conclusively evidenced by such Foreign Representative's execution and delivery thereof) each of the Canadian Ancillary Documents to which such Canadian Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such Canadian Company to perform its obligations thereunder.

**RESOLVED**, that each Governing Body, acting in its Official Capacity with respect to its applicable Canadian Company, hereby authorizes and directs each Authorized Officer, in the name and on behalf of such Canadian Company, to employ the law firm of Borden Ladner Gervais LLP ("BLG") to represent such Canadian Company as Canadian Cases counsel and to represent and assist such Canadian Company in carrying out its duties under the CCAA, and to take any and all actions to advance such Canadian Company's rights, including the preparation of pleadings and filings in the Canadian Cases; and in connection therewith, the Authorized Officers be, and each of them hereby is, authorized and directed, in the name and on behalf of such Canadian Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Canadian Cases and to cause to be filed an appropriate application for authority to retain the services of BLG.

## Restructuring Support Agreement and Backstop Commitment Agreement

**RESOLVED**, that in the judgment of the respective Governing Body of each applicable Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") and that certain backstop commitment agreement (the "Backstop Commitment Agreement"), by and among certain of the Companies, certain consenting creditors, and certain consenting parties substantially in the form presented to the Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to enter into, on behalf of each applicable Company, the Restructuring Support Agreement and the Backstop Commitment Agreement, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute the Restructuring Support

Agreement and the Backstop Commitment Agreement on behalf of each applicable Company and to take all necessary actions in furtherance of consummation of such agreements' terms.

## Retention of Professionals

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and Porter Hedges LLP ("Porter Hedges") as general bankruptcy counsel to represent and assist each Debtor Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and Porter Hedges.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Guggenheim Securities, LLC ("Guggenheim") as investment banker and financial advisor to, among other things, assist each Debtor Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Governing Body, creditors, or other third parties, in each case, as requested by such Debtor Company, evaluating such Debtor Company's capital structure, responding to issues related to such Debtor Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Debtor Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Guggenheim.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Alvarez & Marsal North America, LLC ("A&M") as restructuring advisor to, among other things, assist each Debtor Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Governing Bodies, creditors, or other third parties, in each case as requested by such Debtor Company, evaluating such Debtor Company's capital structure, responding to issues related to such Debtor Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Debtor Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Omni Agent Solutions, Inc. ("Omni") as notice and claims agent and administrative advisor to represent and assist each Debtor Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor

Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Debtor Company in carrying out its duties under the Bankruptcy Code and the CCAA; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each Debtor Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

**RESOLVED**, that in the judgment of the respective Governing Body of each Debtor Company, it is desirable and in the best interests of such Debtor Company, its creditors and other parties in interest, that such Debtor Company shall be, and hereby is, authorized to obtain senior and junior secured superpriority postpetition financing (the "DIP Financing"), subject to the approval of the Bankruptcy Court, on the terms and conditions of (i) that certain Senior Secured Superpriority Debtor-In-Possession Credit Agreement, dated as of the date hereof (the "Senior DIP Credit Agreement"), by and among Hornblower Sub, LLC, a Delaware limited liability company, as debtor and debtor-in-possession ("Hornblower Borrower"), American Queen Sub, LLC, a Delaware limited liability company, as debtor and debtor-in-possession ("AQ Borrower" and, together with Hornblower Borrower, each a "Borrower" and, collectively, the "Borrowers"), Hornblower Holdco, LLC, a Delaware limited liability company, as debtor and debtor-in-possession ("Hornblower Parent"), American Queen Holdco, LLC, a Delaware limited liability company, as debtor and debtor-in-possession ("AQ Parent" and, together with Hornblower Parent, each a "Parent" and, collectively, the "Parents"), Journey Beyond Holdings, LLC, Delaware limited liability company ("JB TopCo"), as debtor and debtor-in-possession, the other Debtor Companies, each as debtor and debtor-in-possession, the financial institutions from time to time party thereto as lenders (the "Senior DIP Lenders"), GLAS TRUST COMPANY LLC, as administrative agent and collateral agent (in such capacities, the "Senior DIP Agent") and the other agents and entities from time to time party thereto substantially in the form presented to each Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof and (ii) that certain Junior Secured

Superpriority Debtor-In-Possession Credit Agreement, dated as of the date hereof (together with the Senior DIP Credit Agreement, the "<u>DIP Credit Agreements</u>"), by and among the Borrowers, each as debtor and debtor-in possession, the Parents, each as debtor and debtor-in-possession, JB TopCo, as debtor and debtor-in-possession, the other Debtor Companies, each as debtor and debtor-in-possession, the financial institution from time to time party thereto as lenders (together with the Senior DIP Lenders, the "<u>DIP Lenders</u>"), GLAS TRUST COMPANY LLC, as administrative agent and collateral agent (in such capacities, the "<u>Junior DIP Agent</u>", together with Senior DIP Agent, the "<u>DIP Agents</u>"), and the other agents and entities from time to time party thereto substantially in the form presented to each Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each Debtor Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain prepetition secured agents and lenders (collectively, the "<u>Secured Lenders</u>") party to:

> (a) that certain First Lien Credit Agreement, dated as of April 27, 2018 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "<u>First Lien Credit Agreement</u>"), by and among the Borrowers, the Parents, JB TopCo, certain of the Companies, as subsidiary loan parties, GLAS TRUST COMPANY LLC, as administrative agent and collateral agent, and the lenders party thereto from time to time; and

> (b) that certain Credit Agreement, dated as of May 13, 2020 (as amended, supplemented, amended and restated or otherwise modified from time to time, the "<u>RCF Credit Agreement</u>"), by the Borrowers, the Parents, certain of the Companies, as subsidiary loan parties, UBS AG, Stamford Branch, as administrative agent and collateral agent, and the lenders party thereto from time to time.

**RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Debtor Company will provide certain adequate protection to the Secured Lenders (the "<u>Adequate Protection Obligations</u>"), as documented in a proposed interim DIP order (the "<u>Interim DIP Order</u>") substantially in the form presented to the Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing or authorizing the same shall approve, such approval to be conclusively evidenced by the submission thereof for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreements and the Interim DIP Order to which each Debtor Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Debtor Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the

performance of, the DIP Credit Agreements (including all related agreements, instruments, certificates, joinders, consents, financing statements and other documents as he or she deems necessary or appropriate to carry out the intent and accomplish the purposes of the Loan Documents (as defined in the DIP Credit Agreements)), the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Debtor Company is or will be a party, including, but not limited to any global intercompany note, mortgage, deeds of trust, preferred ship mortgage, assignment of freights and hires, assignment of insurances, debenture, security and pledge agreement or guaranty agreement (collectively with the DIP Credit Agreements, the Interim DIP Order and the Canadian DIP Recognition Order (as defined in the DIP Credit Agreements), the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to the respective Governing Body of each Debtor Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof.

**RESOLVED**, that each Debtor Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the terms as contemplated under the Interim DIP Order (collectively, the "Adequate Protection Transactions") and any related documents (collectively, the "Adequate Protection Documents").

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Debtor Company, as debtor and debtor in possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Financing and the Adequate Protection Transactions, including delivery of: (a) the DIP Documents, the Adequate Protection Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents or Adequate Protection Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agents or the Secured Lenders; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Debtor Company to file or to authorize the DIP Agents or the applicable Secured Lenders (or any of their representatives) to file any Uniform Commercial Code (the "UCC") or Personal Property Security Act ("PPSA") financing statements, financing change statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Debtor Company that the DIP Agents or the applicable Secured Lenders deems necessary or appropriate to perfect or evidence any lien or security interest granted under the Interim DIP Order, the Canadian DIP Recognition Order and the other DIP Documents, including any such UCC or PPSA

financing statement and financing change statements containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such preferred ship mortgages, mortgages and deeds of trust in respect of real property of each Debtor Company and such other filings in respect of intellectual and other property of each Debtor Company, in each case as the DIP Agents or the applicable Secured Lenders may reasonably request to perfect or evidence the security interests of the DIP Agents or the applicable Secured Lenders under the Interim DIP Order, the Canadian DIP Recognition Order and the other DIP Documents.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Debtor Company to take all such further actions, including, without limitation, to pay or approve the payment of appropriate fees and expenses payable in connection with the DIP Financing or Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Debtor Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents or Adequate Protection Documents, which shall in his or her sole judgment be necessary, proper, or advisable to perform any of such Debtor Company's obligations under or in connection with the DIP Documents or the Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## Organizational Document Amendments

**RESOLVED**, that the Amending Parties, each acting in its Amending Capacity with respect to its applicable Company, hereby approve the respective Organizational Document Amendments, such that each such Organizational Document Amendment shall be effective immediately prior to the filing of the first Petition to be filed by any of the Companies;

**RESOLVED**, that the Amending Parties, each acting in its Amending Capacity with respect to its applicable Company, hereby authorize and direct the Authorized Officers, and any one of them, to prepare, execute and deliver, in the name and on behalf of such Company, such agreements, documents or other instruments as any Authorized Officer may deem necessary, proper, or advisable to evidence the Organizational Document Amendments approved by the immediately preceding resolution; provided, that nothing in this resolution is intended to imply that any such agreement, document or instrument is so needed, the intent of this resolution being that the immediately preceding resolution and Exhibits B-F attached hereto are, in and of themselves, sufficient to effect the Organizational Document Amendments approved thereby and the authority granted to the Authorized Officers in this resolution is merely supplemental thereto should any such Authorized Officer deem it necessary, proper, or advisable to otherwise or additionally document such Organizational Document Amendments;

**General**

> **RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his or her designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's (or his or her designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

> **RESOLVED**, that the respective Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

> **RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Governing Body of each Company.

> **RESOLVED**, that each Authorized Officer (and his or her designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.

*[Signature Pages Follow]*

**Fill in this information to identify the case:**

Debtor name  Gourd Management, LLC

United States Bankruptcy Court for the:  Southern          District of  Texas
                                                                                  (State)

Case number (if known): _____

❑  Check if this is an
    amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | "SEATRAN MARINE, LLC107 HWY 90 WESTNEW IBERIA, LA 70560UNITED STATES" | "ATTN: CHARLES TIZZARDTITLE: CHIEF FINANCIAL OFFICERPHONE: (985) 631-9004 EMAIL: CTIZZARD@SEATRANMARINE.COM" | Trade Payable | | | | $3,995,938 |
| 2 | "PLEASANT HOLIDAYS2404 TOWNSGATE ROADWESTLAKE VILLAGE, CA 91361UNITED STATES" | "ATTN: DAL DEWOLFTITLE: CHIEF FINANCIAL OFFICERPHONE: (818) 991-3390EMAIL: DAL.DEWOLF@PLEASANT.NET" | Trade Payable | | | | $943,671 |
| 3 | "EASTON COACH COMPANY1200 CONROY PLACEEASTON, PA 18040UNITED STATES" | "ATTN: JOE SCOTTTITLE: CHIEF EXECUTIVE OFFICERPHONE: (610) 253-4055EMAIL: JSCOTT@EASTONCOACH.COM" | Trade Payable | | | | $804,812 |
| 4 | "INTERCRUISES SHORESIDE AND PORT SERVICES CANADACARRER DE LA DIPUTACIÓ, 238CATALONIABARCELONA, 0 08007SPAIN" | "ATTN: OLGA PIQUERASTITLE: MANAGING DIRECTORPHONE: +34 93 297 2900EMAIL: O.PIQUERAS@INTERCRUISES.COM" | Trade Payable | | | | $792,329 |
| 5 | "U S  POSTAL SERVICE475 L'ENFANT PLZ SWWASHINGTON, DC 20260UNITED STATES" | "ATTN: LOUIS DEJOYTITLE: CHIEF EXECUTIVE OFFICERPHONE: (703) 237-1848EMAIL: LOUIS.DEJOY@USPS.GOV" | Trade Payable | | | | $743,750 |
| 6 | "BAY SHIP & YACHT CO.2900 MAIN STREET #2100ALAMEDA, CA 94501UNITED STATES" | "ATTN: JOEL WELTERTITLE: CHIEF EXECUTIVE OFFICERPHONE: (510) 337-9122EMAIL: ENGINEERING@BAY-SHIP.COM" | Trade Payable | | | | $693,852 |
| 7 | "VACATIONS TO GO5851 SAN FELIPE ST.SUITE 500HOUSTON, TX 77057UNITED STATES" | "ATTN: EMERSON KIRKSEY HANKAMERTITLE: CHIEF EXECUTIVE OFFICERPHONE: (800) 338-4962EMAIL: EHANKAMER@GMAIL.COM" | Trade Payable | | | | $570,399 |
| 8 | "PORT OF SAN DIEGO3165 PACIFIC HIGHWAYSAN DIEGO, CA 92101UNITED STATES" | "ATTN: RANDA CONIGLIOTITLE: PRESIDENT AND CHIEF EXECUTIVE OFFICERPHONE: (619) 686-6200EMAIL: RCONIGLIO@PORTOFSANDIEGO.ORG" | Trade Payable | | | | $480,288 |
| 9 | "MITTERA GROUP1312 LOCUST ST. STE. 202DES MOINES, IA 50309UNITED STATES" | "ATTN: JON TROENTITLE: CHIEF EXECUTIVE OFFICERPHONE: (515) 343-5359EMAIL: JON.TROEN@MITTERA.COM" | Trade Payable | | | | $451,520 |
| 10 | "HARBOR FUELS256 MARGINAL STBOSTON, MA 02128UNITED STATES" | "ATTN: MELANIE WHEELERTITLE: MANAGERPHONE: (617) 720-3835EMAIL: MWHEELER@HARBORFUELS.COM" | Trade Payable | | | | $436,939 |

Debtor  Gourd Management, LLC _____   Case number (*if known*) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | "AMERICAN EXPRESS200 VESEY STREETNEW YORK, NY 10285UNITED STATES" | "ATTN: STEVE SQUERITITLE: CHIEF EXECUTIVE OFFICERPHONE: (212) 640-2000EMAIL: STEPHEN.SQUERI@AEXP.COM" | Trade Payable | | | | $400,165 |
| 12 | "TOAST INC.401 PARK DRIVEBOSTON, MA 02115UNITED STATES" | "ATTN: STEVE FREDETTETITLE: PRESIDENTPHONE: (617) 297-1005EMAIL: SFREDETTE@TOASTTAB.COM" | Trade Payable | | | | $374,822 |
| 13 | "NORTH RIVER SHIPYARD1 VAN HOUTEN ST.NYACK, NY 10960UNITED STATES" | "ATTN: KEN GRAEFETITLE: OWNERPHONE: (845) 358-2100EMAIL: SERVICE@NORTHRIVERSHIPYARD.COMFAX: (845) 358-2105" | Trade Payable | | | | $366,354 |
| 14 | "UNIVERSITY OF GEORGIA104 CALDWELL HALLATHENS, GA 30602-6113UNITED STATES" | "ATTN: RYAN NESBITTITLE: VP OF FINANCEPHONE: 706-542-1361EMAIL: OVPPFA@UGA.EDU" | Trade Payable | | | | $355,940 |
| 15 | "CRUISE LINE AGENCIES OF ALASKA SE, INC.55 SCHOENBAR COURT, SUITE 101KETCHIKAN, AK 99901UNITED STATES" | "ATTN: DREW GREENTITLE: PORT MANAGERPHONE: (907) 562-6889EMAIL: ANDREWG@CLAALASKA.COM" | Trade Payable | | | | $339,614 |
| 16 | "SUN STONE SHIPS, INC4770 BISCAYNE BOULEVARD, PHBMIAMI, FL 33137UNITED STATES" | "ATTN: ULRIK HEGELUNDTITLE: CHIEF FINANCIAL OFFICERPHONE: (305) 400-8055EMAIL: UHEGELUND@SUNSTONESHIPS.COM" | Trade Payable | | | | $334,143 |
| 17 | "FMC GLOBALSAT, INC1200 E LAS OLAS BLVD SUITE 302FORT LAUDERDALE, FLORIDA 33315UNITED STATES" | "ATTN: EMMANUEL COTRELTITLE: CHIEF EXECUTIVE OFFICERPHONE: (954) 678-0697EMAIL: ECOTREL@FMCGLOBALSAT.COM" | Trade Payable | | | | $331,258 |
| 18 | "RIVERVIEW TUG SERVICE960 N RIVERVIEW ST.BELLEVUE, IA 52031UNITED STATES" | "ATTN: JEREMY PUTMANTITLE: OWNERPHONE: (563) 872-3456EMAIL: JEREMY@RIVERVIEWBOATSTORE.COM" | Trade Payable | | | | $328,040 |
| 19 | "MARINE AND INDUSTRIAL SOLUTIONS5759 NW ZENITH DRIVEPORT ST LUCIE, FL 34986-3529UNITED STATES" | "ATTN: DAN MACRITITLE: CHIEF EXECUTIVE OFFICERPHONE: (772) 418-3999EMAIL: DAN@MARINEINDUSTRIALSOLUTIONS.COM" | Trade Payable | | | | $278,390 |
| 20 | "THAMES MARINE ENGINEERING LTD9-10 COPPER ROWLONDON, 0 SE1 2LHUNITED KINGDOM" | "ATTN: NICHOLAS DWANTITLE: DIRECTORPHONE: 07801 822644EMAIL: NICHOLAS@TMSL.LONDON" | Trade Payable | | | | $277,669 |
| 21 | "GURUCUL SOLUTIONS, LLC.222 N. PACIFIC COAST HIGHWAY, SUITE 1310EL SEGUNDO, CA 90245UNITED STATES" | "ATTN: SARYU NAYYARTITLE: CHIEF EXECUTIVE OFFICERPHONE: (213) 259-8472EMAIL: SARYU@GURUCUL.COM" | Trade Payable | | | | $249,442 |
| 22 | "PEABODY MEMPHIS5118 PARK AVENUE, SUITE 245MEMPHIS, TN 38117UNITED STATES" | "ATTN: MARTY BELZTITLE: OWNERPHONE: (901) 762-5466EMAIL: PHG.INFO@BELZ.COM" | Trade Payable | | | | $244,570 |
| 23 | "PRAGMARS, LLC.101 DECKER CT STE 100IRVING, TX 75062-2211UNITED STATES" | "ATTN: CARI DOMINGUEZTITLE: OWNERPHONE: (214) 559-8966EMAIL: CADOLI@CADOLIMULTISERVICES.COM" | Trade Payable | | | | $241,549 |
| 24 | "ELEVATION AFRICA DESTINATIONS29 PINE ROAD, SUITE NO: 37, GAUTENGJOHANNESBURG, 2055SOUTH AFRICA" | "ATTN: FAITH MUSEKIWATITLE: OWNERPHONE: +27 10 541 0065EMAIL: RES1@EADESTINATIONS.COM" | Trade Payable | | | | $227,837 |
| 25 | "TRAVEL LEADERS NETWORK3033 CAMPUS DRIVE, SUITE W32PLYMOUTH, MN 55441UNITED STATES" | "ATTN: J.D O'HARATITLE: CHIEF EXECUTIVE OFFICERPHONE: (800) 330-8515EMAIL: JOHARA@INTERNOVA.COM" | Trade Payable | | | | $222,293 |

| Debtor | Gourd Management, LLC | | Case number (if known) | |
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 26 | "BNA MARINE SERVICES1022 JACKSON ROADAMELIA, LA 70340UNITED STATES" | *ATTN: JACOB BREAUXTITLE: CHIEF EXECUTIVE OFFICERPHONE: (985) 384-2840EMAIL: JAKE.BREAUX@BNAMARINE.COM" | Trade Payable | | | | $200,941 |
| 27 | "TROVE PROFESSIONAL SERVICES2081 CENTER ST.BERKELEY, CA 94704UNITED STATES" | *ATTN: KEVIN MCCLURETITLE: FOUNDERPHONE: (888) 638-4614EMAIL: KEVIN@TROVESERVICES.COM" | Trade Payable | | | | $198,737 |
| 28 | "BLANCHARD MACHINERY COMPANY3151 CHARLESTON HWYWEST COLUMBIA, SC 29172UNITED STATES" | *ATTN: DALYS JOHNSONTITLE: CHIEF FINANCIAL OFFICERPHONE: (844) 236-2615EMAIL: DJOHNSON@BLANCHARDMACHINERY.COM" | Trade Payable | | | | $190,110 |
| 29 | "MCKINSEY & COMPANY, INC.THREE WORLD TRADE CENTER, 175 GREENWICH STNEW YORK, NY 10007UNITED STATES" | *ATTN: SHELLEY STEWARTTITLE: SENIOR PARTNERPHONE: (212) 446-7000EMAIL: SHELLEY_STEWART@MCKINSEY.COM" | Trade Payable | Contingent, Unliquidated | | | Undetermined |
| 30 | "CLYVE SHAW & KENARDRO PRESSC/O WORKING SOLUTIONS80 BROAD STREET, SUITE 703NEW YORK, NY 10004" | *ATTN: BRANDON M. SWEENEYTITLE: COUNSELPHONE: (201) 879-6986EMAIL: BSWEENEY@WORKINGSOLUTIONSNYC.COM- AND - ATTN: CHRISTOPHER Q. DAVISTITLE: COUNSELPHONE: (646) 430-7931EMAIL: CDAVIS@WORKINGSOLUTIONSNYC.COM" | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

**Fill in this information to identify the case and this filing:**

Debtor Name  Gourd Management, LLC

United States Bankruptcy Court for the:  Southern          District of  Texas
                                                                    (State)

Case number (If known): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a
   declaration_____ Consolidated Corporate Ownership Statement and List of Equity Interest Holders____

I declare under penalty of perjury that the foregoing is true and correct.

                                                    ✗ /s/ Jonathan Hickman
Executed on  02/21/2024                             Signature of individual signing on behalf of debtor
             MM / DD / YYYY


                                                    Jonathan Hickman
                                                    Printed name
                                                    Chief Restructuring Officer
                                                    Position or relationship to debtor

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Gourd Management, LLC | ) Case No.  24-(      )(   ) |
|  | ) |
| Debtor. | ) |
|  | ) |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the debtor respectfully represents that the below chart identifies the holders of the debtor's sole class of equity interests and sets forth the nature and percentage of such interests held as of the filing of the debtor's chapter 11 petition:

| Interest Holder | Class/Percentage of Interest Held | Mailing Address of Interest Holder |
|---|---|---|
| Hornblower Group, LLC | 100% | Pier 3, The Embarcadero, San Francisco CA 94111 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Gourd Management, LLC | ) | Case No.  24-(          )(    ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following list identifies corporations that own 10% or more of the debtor's equity interests as of the filing of the debtor's chapter 11 petition:

| Interest Holder | Class/Percentage of Interest |
|---|---|
| Hornblower Group, LLC | 100% |